Patrick H. Dwyer, SBN 137743
P.O. Box 1705
Penn Valley, CA 95946
Tel: (530) 432-5407; Fax: (530) 432-9122
Email: pdwyer@pdwyerlaw.com
Attorney for Plaintiff Derek Conner

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Derek Conner, an individual,<br><br>    Plaintiff<br><br>    v.<br><br>Placer County, California, a county<br><br>    government and operator of the<br><br>    Placer County Sheriff's Office; and<br><br>    the following persons as individuals<br><br>    and in their capacity as officials,<br><br>    employees or contractors of Placer<br><br>    County:<br><br>Devon Bell; Jeffrey Villanueva;<br><br>Sgt. Ervin; and<br><br>Does 1 through 40,<br><br>    Defendants. | CASE NO.:<br><br>**COMPLAINT FOR INDIVIDUAL, SUPERVISORY, AND MUNICIPAL VIOLATIONS OF 42 U.S.C. §1983; STATE LAW CLAIMS FOR ASSAULT AND BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, VIOLATIONS OF CALIFORNIA CIVIL CODE §52, AND RESPONDEAT SUPERIOR LIABILITY**<br><br>**JURY TRIAL DEMANDED** |

## I.
## INTRODUCTION

This is a civil rights action arising out of the unprovoked beating of Derek Conner in the Placer County Auburn jail. There was no purpose to the abuse. It was the result of poor emotional control, attitudes of superiority, and sadistic pleasure seeking by Placer County Sheriff's Office correctional officers.

Even more shocking is the systematic failure of the Placer County Sheriff's Office to utilize its existing tools, such as an extensive video surveillance system at the Auburn Jail, to overcome the infamous "blue wall of silence" about this

misconduct.  For years, deputies at the Auburn Jail have been watching events like those described in this lawsuit on the in-house jail video system.  Apparently, however, no one ever reported these abuses of inmates up the chain of command in the Placer County Sheriff's Office.  Why not?

Plaintiff tried to file a grievance about his abuse, but he then harassed and intimidated by individual deputy defendants who denied him the most basic constitutional right of seeking redress for the harm he suffered.

It is very clear that there has been a complete failure in the administration of the Placer County Sheriff's Office.  It has failed to establish and/or enforce the necessary chain of command and institutional safeguards to prevent this type of abuse at the Auburn Jail in callous disregard of the rights of inmates.  It is now time for the Defendants to restore the trust of the public that they serve.

## II.
## JURISDICTION AND VENUE

1.  Jurisdiction over the federal causes of action under Title 42 U.S.C. §1983 are proper in this Court under 28 U.S.C. §1331.  Pendant Jurisdiction over the state causes of action is proper under Title 28 U.S.C. §1367(a) and Title 28 U.S.C. §1343(a)(3).

2.  Venue is proper in this Court under 28 U.S.C. §1391(b) because all of the defendants reside, and the acts complained of occurred, within the territorial boundaries of this United States District Court.

3.  Intra-district venue is proper in the Sacramento Division of this Court under Local Rule 120(d) because the acts and omissions that are the basis of this complaint occurred within Placer County.

## III.
## PARTIES

4.  Plaintiff Derek Conner ("Conner") is a single male, age 33.  Conner resides

1  1322 Blossom Hill Way, Roseville, CA 956661.

2  5.    Defendant Placer County, California, operates the Placer County Sheriff's

3  Office ("PCSO") which is responsible for the staffing and operation of the Auburn

4  Jail.

5  6.    Defendant Devon Bell is the Sheriff and is in command of the PCSO.

6  7.    Defendant Jeffrey Villanueva ("Villanueva") was employed by the PCSO and

7  was working as a deputy sheriff at the Auburn Jail at the time of the events alleged

8  below.

9  8.    Defendant Sergeant Ervin ("Ervin") was employed by the PCSO and was

10  working as a deputy sheriff at the Auburn Jail at the time of the events alleged

11  below.

12  9.    The true names and capacities of defendants sued herein as Does 1-30,

13  inclusive, whether individual, corporate, or otherwise are unknown to Plaintiff who,

14  therefore sues such defendants by such fictitious names. When their true names

15  and capacities are ascertained, Plaintiff will amend this complaint by asserting

16  their true names and capacities herein.  Plaintiff is informed, believes and thereon

17  alleges, that at all times herein mentioned, all defendants, including Does 1

18  through 30, inclusive: (i) are qualified to do business in California, and/or did, in

19  fact, do business in California; (ii) jointly perpetrated the acts herein with their

20  co-defendants; (iii) were the successors in interest to, or agents, alter egos,

21  principals, co-tenants, partners, joint venturers, or co-conspirators of their

22  co-defendants in doing the things herein alleged; and/or (iv) were acting within the

23  scope of their authority or in furtherance of a common scheme or design with the

24  knowledge, permission, consent or ratification of their co-defendants in doing the

25  things herein alleged, and therefore are liable, jointly and severally, for all damages

26  and other relief or remedies sought by complainants in this action.

27

28                                          3

# IV.
## BACKGROUND ALLEGATIONS

### Duties of Placer County and the Placer County Sheriff's Office

10.    Defendant Placer County and the PCSO are obligated to have policies, practices, and procedures to: (a) prevent the unlawful use of force against detainees and inmates; and (b) provide timely and effectively response to the medical needs of inmates ("PPPs").

11.    Defendant Placer County and the PCSO are obligated to adequately train their deputy sheriffs and other correctional officers: (a) in the lawful use of force with detainees and inmates; and (b) the timely and effectively response to the medical needs of detainees and inmates.

12.    Defendant Placer County and the PCSO are obligated to adequately supervise their deputy sheriffs and correctional officers to verify the effectiveness and enforcement of the PPPs and training in the: (a) lawful use of force with detainees and inmates; and (b) the timely and effectively response to the medical needs of  detainees and inmates.

13.    Defendant Placer County and the PCSO maintain a video surveillance system at the Auburn Jail ("VSS").  Plaintiff is informed and believes, and on that basis alleges, that the VSS was installed, in part, to verify that the PPPs are being followed, that training has been adequate, and that supervisors are monitoring the conduct of deputies and other correctional officers in the lawful use of force and the provision of timely and effective medical response for all inmates.  Plaintiff is further informed and believes, and on that basis alleges, that the VSS also provides a ready means for the PCSO to investigate inmate complaints about these matters.

14.    Plaintiff is informed and believes, and based thereon alleges, that there is a custom and practice among the deputies in the PCSO, known in the vernacular of police culture as the "blue wall of silence" or "blue code" to keep secret the errors,

4

misconduct, or crimes (including police brutality) of fellow officers.  Under federal

and state constitutional and statutory law, Defendant Placer County and the PCSO

have a duty to break down this "blue wall of silence" among their deputies and

correctional officers so that the unlawful use of force is reported to superiors

without repercussions to non-offending deputies and correctional officers.

### The Unlawful Beating of Plaintiff at the Auburn Jail

15.     On or about September 6, 2015, Defendant Villanueva came into the general

bunk area where Plaintiff was sleeping and ordered Plaintiff to get out of bed.

Plaintiff promptly complied.   Defendant Villanueva then gave Plaintiff, who was

standing barefoot with only boxer shorts on, a full "pat" down.   Defendant

Villanueva did this in an aggressive and sexually suggestive manner, including

grabbing Plaintiff's penis and testicles very hard and then lingering and feeling

Plaintiffs' penis, testicles and surrounding area.  Plaintiff did not resist out of fear.

16.     While Plaintiff remained standing next to his bed, Defendant Villanueva

intentionally slapped Plaintiff's head from behind, forcing Plaintiff's head into the

metal frame of the bed.

17.     By the time that Defendant Villanueva was done improperly touching

Plaintiff, several other correctional officers came into the cell "pod" where Plaintiff

was housed ("Does 1-10").   Defendant Villanueva, along with Does 1-10, then

further "roughed up" Plaintiff, stepping on his bare feet with their boots, twisting

him like a "pretzel".  Defendant Villanueva and Does 1-10 then cuffed Plaintiff and

led him down the hallway to the booking area.  Plaintiff did not resist out of fear.

18.     While in the booking area, Plaintiff was forced down on the floor by

Defendant Villanueva and Does 1-10.  Plaintiff tried to stop this by explaining that

he had spinal injuries and a prior brain injury.  Plaintiff is informed and believes,

and on that basis alleges, that these medical conditions were documented in his file.

19.     After Plaintiff was forced to the ground, he was beaten with a stick (or possibly a deputy's elbow, Plaintiff could not see) by one of the Does 1-10 that was a male deputy.  Plaintiff remembers being told to "lay there and look pathetic".   One of Does 1-10 that beat Plaintiff was a female.  Plaintiff pleaded to this female deputy that he was naked and cold, but the female officer told him "I'm glad".  Several of Does 1-10 then picked Plaintiff up from the floor and took him back to his cell.

20.     Later that same day, Defendant Villanueva came to Plaintiff's cell and asked him if he wanted to file a complaint.  Plaintiff was very scared, so he said no.  Plaintiff wanted to file a complaint about what happened, but he couldn't get any help.   Plaintiff did use an Auburn Jail "Inmate Grievance Form" to file a complaint, but he was not given a copy and he is not certain that this grievance was ever reviewed.  Plaintiff asked for a copy of this grievance on multiple occasions, but he was never given a copy.

21.     On multiple occasions since the events in paragraphs 15-20, Plaintiff has been the object of further harassment and abuse by Defendant  Villanueva.  This abuse has included, *inter alia*:

    (a) the seizing of mail that had already cleared the PCSO approval desk;

    (b) the seizing of notes that Plaintiff had made in the law library;

    (c) the "tossing" of Plaintiff's cell several times a month;

    (d) gruff and outrageous language and calling Plaintiff by derogatory names;

    (e) spreading false rumors among inmates that Plaintiff was a snitch.

22.     Plaintiff tried to speak with other deputies and/or correctional officers at the Auburn Jail about his beating and mistreatment, but no one would listen.  In particular, Plaintiff asked Sgt. Ervin, to review Plaintiff's grievance forms, but he never did.  Instead, Sgt. Ervin mocked Plaintiff and then made his life in the

1   Auburn Jail even harder by spreading rumors among inmates that Plaintiff was a

2   snitch.

3                  **The Pattern of Unlawful Use of Force Against Inmates**

4   23.    Plaintiff has become aware of other similar instances of unlawful use of force

5   by PCSO deputies and other correctional officers against inmates at the Auburn

6   Jail. Two examples of this pattern of wrongful conduct by Placer County and the

7   PCSO are: (i) the claims by a Mr. Christopher Langley as set forth in the First

8   Amended Complaint in civil action 2:17-CV-0760; and (ii) the claims by a Mr.

9   Brendan Coleman as set forth in the Complaint in civil action 2:17-CV-01579.

10  24.    Plaintiff is informed and believes, and on that basis alleges, that there has

11  been a group of deputies working at the Auburn Jail that have frequently engaged

12  in unlawful violence against inmates, sometimes individually and sometimes

13  collectively.  Plaintiff is further informed and believes, and on that basis alleges,

14  that these deputies have abided by the "blue wall of silence" and neither stopped

15  nor reported each other's unlawful conduct.  Plaintiff is further informed and

16  believes, and on that basis alleges, that Defendant Sheriff Devon Bell, has known

17  about the "blue wall of silence" being followed by his deputies and officers and has

18  been aware of many, if not all, of the complaints of unlawful violence by inmates.

19  25.    On or about May 31, 2017, Defendant Devon Bell, speaking as the Sheriff of

20  Placer County, gave a press conference at which he announced that three deputies

21  who worked at the Auburn Jail had been terminated as employees and arrested and

22  charged under PC §118.1 and PC §149 ("Press Conference").  A true and correct

23  copy of the article in the Sacramento Bee about the Press Conference is attached

24  hereto as Exhibit 3.  At  the Press Conference Sheriff Bell stated, *inter alia*:

25          "[the] conduct was limited to a very small number of people";

26          "We discovered this ourselves"; and

27

28                                         7

"We investigated it ... and we made arrests."

26.     Plaintiff would have filed a claim against Defendant Placer County under California law, but was unable to do so because of his detention in the Auburn Jail, including the misconduct alleged in paragraphs 21-22, and his health.

V

## Claims For Violation of Federal Civil Rights Under 42 U.S.C. §1983

### FIRST CAUSE OF ACTION

#### Defendants Villanueva and Does 1 through 10

#### Individual Liability for Violation of Plaintiff's Constitutional Rights (Unlawful Use of Force) Under 42 U.S.C . §1983

27.   Plaintiff hereby incorporates by reference paragraphs 1 through 26, inclusive, as though set forth fully herein.

28.   Defendants Villanueva and Does 1 through 10 committed acts of unprovoked and unwarranted violence upon Plaintiff Conner as alleged in paragraphs 15-20. This was a violation of: (a) Plaintiff's substantive due process right to be free of punishment prior to adjudication of the charges for which Mr. Conner was arrested; and/or (b) the U.S. Constitution's Eight Amendment prohibition of cruel and unusual punishment.

29.   The foregoing conduct of Defendants Villanueva and Does 1 through 10 were acts and omissions under the color of state law that was the direct and proximate cause of the violation of the constitutional rights of Plaintiff Conner.

30.   As a direct and proximate result of the wrongful conduct of Defendants Villanueva and Does 1 through 10 as set forth above, Plaintiff Conner has sustained general damages of an estimated $500,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the injuries to his body; (b) the severe emotional and mental distress caused by the rough handling, demeaning taunts, and being beaten while handcuffed, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; and (d) the cost of emotional and psychological therapy.

31.   As a direct and proximate result of the foregoing conduct of Defendants

Villanueva and Does 1 through 10, Plaintiff Conner has been forced to file this action under 42 U.S.C. §1983, and is entitled to recover his attorneys fees and costs under 42 U.S.C. §1988.

32.     The foregoing acts and omissions of Villanueva and Does 1 through 10 were committed with unbridled malice that was despicable and done with intentional disregard for Plaintiff Conner's physical and mental person.  As a result, punitive damages should be awarded against Defendants Villanueva and Does 1 through 10.

## SECOND CAUSE OF ACTION

### Defendants Villanueva, Sgt. Ervin, and Does 11-20

### Individual Liability for Violation Of Plaintiff's Constitutional Rights Under 42 U.S.C . §1983

33.     Plaintiff hereby incorporates by reference paragraphs 1 through 26, inclusive, as though set forth fully herein.

34.     Defendants Villanueva, Ervin, and Does 11 through 20 committed acts of harassment, mental abuse, and denial of Plaintiff's right to seek the redress of grievances committed against him as alleged in paragraphs 21-22.  This was a violation of Plaintiff's: (a) right to seek redress of his grievances; and (b) substantive due process right to be free of punishment prior to adjudication of the charges for which Mr. Conner was arrested and/or (b) the U.S. Constitution's Eight Amendment prohibition of cruel and unusual punishment.

35.     The foregoing conduct of Defendants Villanueva, Ervin, and Does 11 through 20 were acts and omissions under the color of state law that was the direct and proximate cause of the violation of the constitutional rights of Plaintiff Conner.

36.     As a direct and proximate result of the wrongful conduct of Defendants Villanueva, Ervin, and Does 1 through 10 as set forth above, Plaintiff Conner has sustained general damages of an estimated $100,000, according to proof, including,

but not limited to: (a) the severe emotional and mental distress, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; and (b) the cost of emotional and psychological therapy.

37.     As a direct and proximate result of the foregoing conduct of Defendants Villanueva, Ervin, and Does 11 through 20, Plaintiff Conner has been forced to file this action under 42 U.S.C. §1983, and is entitled to recover his attorneys fees and costs under 42 U.S.C. §1988.

38.     The foregoing acts and omissions of Villanueva, Ervin, and Does 11 through 20 were committed with unbridled malice that was despicable and done with intentional disregard for Plaintiff Conner's physical and mental person.  As a result, punitive damages should be awarded against Defendants Villanueva, Ervin, and Does 11 through 20.

## THIRD CAUSE OF ACTION

### Defendant Sheriff Devon Bell and Does 21-30

### Supervisory Liability for Violation Of Plaintiff's Constitutional Rights Under 42 U.S.C . §1983

39.     Plaintiff hereby incorporates by reference paragraphs 1 through 26, inclusive, as though set forth fully herein.

40.     Defendants Does 21-30 are Placer County and/or PCSO employees or contractors that have responsibility for the: (a) supervision and training of PCSO deputies and other correctional officers in the lawful use of force against detainees in the field and inmates at the Auburn Jail; (b) enforcement of the PPPs concerning the lawful use of force against detainees in the field and inmates at the Auburn Jail; (c) evaluation of the effectiveness of the PPPs concerning the lawful use of force against detainees in the field and against inmates at the Auburn Jail; and (d) investigation of inmate complaints about unlawful use of force against detainees in

1  the field and inmates at the Auburn Jail ("Supervisory Duties").  At all relevant

2  times, Defendants Sheriff Devon Bell and Does 21-30 had a variety of tools and

3  means for performing the Supervisory Duties, including the VSS, that were

4  sufficient to the task.

5  41.    There has been an ongoing pattern of complaints by detainees in the field and

6  inmates at the Auburn Jail about the unlawful use of force against them as alleged

7  in paragraph 23.  These inmate complaints put Defendants Sheriff Devon Bell and

8  Does 21-30 on notice that there may have been a pattern of unlawful use of force

9  among the deputies and correctional officers at the Auburn Jail.

10  42.    Plaintiff is informed and believes, and on that basis alleges, that despite

11  having the tools and means for fulfilling their Supervisory Duties, and despite

12  having been put on notice that there was a problem with the unlawful use of force

13  at the Auburn Jail, Defendants Sheriff Devon Bell and Does 21-30 repeatedly failed

14  to perform their Supervisory Duties.  Plaintiff is further informed and believes, and

15  on that basis alleges, that if Defendants Sheriff Devon Bell and Does 21-30 had

16  performed the Supervisory Duties, they would have learned about and been able to

17  prevent multiple instances of unlawful use of force against detainees and inmates,

18  including the unlawful use of force against Plaintiff Conner.

19  43.    Plaintiff is informed and believes, and on that basis alleges, that Defendants

20  Sheriff Devon Bell and Does 21-30 knew about the "blue wall of silence" or "blue

21  code" among the PCSO deputies and other correctional officers.   This awareness of

22  the "blue wall of silence" should have caused Defendants Sheriff Devon Bell and

23  Does 11-20 to take extra measures in performing their Supervisory Duties to

24  prevent the unlawful use of force against inmates.  Plaintiff is informed and

25  believes, and on that basis alleges, that Defendants Sheriff Devon Bell and Does 21-

26  30 failed to eliminate or even minimize the "blue wall of silence" so that instances of

27

28                                              12

1  unlawful use of force against detainees in the field and inmates at the Auburn Jail

2  would be reported, including the unlawful use of force against Plaintiff Conner.

3  44.    Plaintiff is informed and believes, and on that basis alleges, that Defendants

4  Sheriff Devon Bell and Does 21-30 knew about the unlawful use of force against

5  inmates against detainees in the field at the Auburn Jail, including the unlawful

6  use of force against Plaintiff Conner.  Plaintiff is informed and believes, and on that

7  basis alleges, that Defendants Sheriff Devon Bell and Does 21-30 engaged in an

8  active cover up of the unlawful use of force at the Auburn Jail and that the Press

9  Conference was part of an active effort to conceal the unlawful use of force against

10  inmates from the public, including the unlawful use of force against Plaintiff

11  Conner, Mr. Langley, Mr. Coleman and others, all of which had been reported to

12  these Defendants months before the Press Conference.

13  45.    The foregoing acts and omissions of Defendants Sheriff Devon Bell and Does

14  21-30 were done under the color of state law.  These acts and omissions were done

15  with callous disregard and/or deliberate indifference for the rights of inmates at the

16  Auburn Jail, including Plaintiff Conner and were the direct and proximate cause of

17  the violation of the constitutional rights of Plaintiff Conner.

18  46.    As a direct and proximate result of the wrongful conduct of Defendants

19  Sheriff Devon Bell and Does 21-30 as set forth above, Plaintiff Conner has

20  sustained general damages of an estimated $500,000, according to proof, including,

21  but not limited to: (a) the serious physical pain and suffering from the injuries to

22  his body; (b) the severe emotional and mental distress caused by the rough

23  handling, demeaning taunts, and being beaten while handcuffed, including feelings

24  of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and

25  pride; (c) the cost of medical treatment; and (d) the cost of emotional and

26  psychological therapy.

27

28

47.   As a direct and proximate result of the foregoing conduct of Defendant Defendants Sheriff Devon Bell and Does 21-30, Plaintiff Conner has been forced to file this action under 42 U.S.C. §1983, and is entitled to recover his attorneys fees and costs under 42 U.S.C. §1988.

## FOURTH CAUSE OF ACTION

### Defendants Placer County, the PCSO and Does 31-40

### Municipal Liability for Violation Of Plaintiff's Constitutional Rights Under 42 U.S.C . §1983

48.   Plaintiff hereby incorporates by reference paragraphs 1 through 26, inclusive, as though set forth fully herein.

49.   Plaintiff is informed and believes, and on that basis alleges, that there has been a pattern of unlawful use of force against inmates by PCSO deputies and/or other correctional officers against detainees in the field and inmates at the Auburn Jail, including the allegations by Plaintiff Conner, Mr. Langley on his civil action 2:17-CV-0760, Mr. Coleman on his civil action 2:17-CV-01579, and those instances publicly disclosed by Defendant Sheriff Devon Bell at the Press Conference.

50.   Plaintiff is informed and believes, and on that basis alleges, that Defendants Placer County, the PCSO and Does 31-40 have had full knowledge of this pattern of unlawful use of force against inmates because they have received numerous complaints and tort claims for unlawful use of force against inmates over a period of years, including the complaints and claims by Plaintiff Conner, Mr. Langley, Mr. Coleman, and others.

51.   Plaintiff is informed and believes, and on that basis alleges, that Defendants Placer County, the PCSO and Does 31-40 have knowingly failed to properly investigate such complaints or cause Placer County, the PCSO, and/or Does 31-40 to conduct a thorough investigation into the complaints and make a full and complete report to the county administration and the public.

52.     Plaintiff is informed and believes, and on that basis alleges, that Defendants Placer County, the PCSO, and Does 31-40 have routinely denied any allegations of unlawful use of force against inmates without a thorough investigation.

53.     Plaintiff is informed and believes, and on that basis alleges, that Defendants Placer County, the PCSO, and Does 31-40 have known about the "blue wall of silence" or "blue code" among PCSO deputies and other correctional officers.   This awareness of the "blue wall of silence" should have caused Defendants Placer County and the PCSO to take extra measures to investigate and prevent the unlawful use of force against inmates.  Plaintiff is informed and believes, and on that basis alleges, that Defendants Placer County, the PCSO, and Does 31-40 failed to take any measures to eliminate or even minimize the "blue wall of silence".

54.     Plaintiff is informed and believes, and on that basis alleges, that Defendants Placer County, the PCSO and Does 31-40 have failed to effectively supervise the Defendants Sheriff Devon Bell and Does 1-30 about the use of force against detainees and inmates.

55.     Plaintiff is informed and believes, and on that basis alleges, that Defendants Placer County, the PCSO, and Does 31-40 have failed to provide for adequate training of PCSO deputies and correctional officers in the lawful use of force against detainees and inmates.

56.     The foregoing acts and omission by Defendants Placer County, the PCSO, and Does 31-40 have become the *de facto* customs, policies, and practices of Defendants Placer County, the PCSO and Does 31-40.  These customs, policies, and practices constitute a deliberate indifference to, or indeed a callous disregard for, the constitutional rights of detainees and inmates, including Plaintiff Conner, to be free from the unlawful use of force at the Auburn Jail.

57.     The foregoing pattern of wrongful conduct by Defendants Placer County, the

PCSO, and Does 31-40 made it far more likely that a PCSO deputy or correctional officer would violate the right of a detainee or inmate, including that of Plaintiff, to be free from unwarranted bodily harm and cruel and unusual punishment as protected by the 4th, 8th, and/or the 14th Amendment to the United States Constitution.

58.     The foregoing acts and omissions by Defendants Placer County, the PCSO, and Does 31-40 were done under the color of state law and were the direct and proximate cause of the violation of the constitutional rights of Plaintiff Conner.

59.     As a direct and proximate result of the foregoing conduct of Defendants Placer County, the PCSO and Does 31-40, Plaintiff Conner has sustained general damages of an estimated $500,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the injuries to his body;  (b) the severe emotional and mental distress caused by the rough handling, demeaning taunts, and being beaten while handcuffed, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; and (d) the cost of emotional and psychological therapy.

60.     As a direct and proximate result of the foregoing conduct of Defendants Placer County, the PCSO, and Does 31-40, Plaintiff Conner has been forced to file this action under 42 U.S.C. §1983, and is entitled to recover his attorneys fees and costs under 42 U.S.C. §1988.

# VI.
## STATE LAW CLAIMS

### FIFTH CAUSE OF ACTION

**Defendants Villanueva and Does 1 through 10**

**Assault and Battery (California Civil Code § 43)**

61.     Plaintiff hereby incorporates by reference paragraphs 1 through 26, inclusive, as though set forth fully herein.

62.     Defendants Villanueva and Does 1 through 10, with intent to cause harm, committed the acts described in paragraphs 15-20.

63.     Plaintiff Conner did not consent to the acts committed by Defendants Villanueva and Does 1 through 10.  Indeed, Plaintiff Conner was at all times unarmed, cooperative, and posed no threat to Defendants Villanueva and Does 1 through 10.

64.     As the direct result of the foregoing acts of Defendants Villanueva and Does 1 through 10, Plaintiff Conner was seriously harmed in body and mind.

65.     As a direct and proximate result of the foregoing conduct of Defendants Villanueva and Does 1 through 10, Plaintiff Conner has sustained general damages of an estimated $500,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the injuries to his body; (b the severe emotional and mental distress caused by the rough handling, demeaning taunts, and being beaten while handcuffed, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; and (d) the cost of emotional and psychological therapy.

66.     The foregoing acts and omissions of Defendants Villanueva and Does 1 through 10  were committed with unbridled malice that was despicable and done with intentional disregard for Plaintiff's physical and mental person.  As a result, punitive damages should be awarded against Defendants Villanueva and Does 1

through 10.

## SIXTH CAUSE OF ACTION

### Defendants Villanueva and Does 1 through 10

### Intentional Infliction of Emotional Distress

67.     Plaintiff hereby incorporates by reference paragraphs 1 through 26, inclusive, as though set forth fully herein.

68.     The conduct of Defendants Villanueva and Does 1 through 10 described in paragraphs 15-20 was extreme and outrageous action directed at Plaintiff that was calculated to cause Plaintiff severe emotional distress, or was done with substantial certainty that Plaintiff would suffer severe emotional injury.

69.     As the direct result of the foregoing conduct of Defendants Villanueva and Does 1 through 10, Plaintiff Conner suffered severe emotional and psychological damage.

70.     As a direct and proximate result of the foregoing conduct of Defendants Villanueva and Does 1 through 10, Plaintiff Conner has sustained general damages of an estimated $500,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the injuries to his body; (b) the severe emotional and mental distress caused by the rough handling, demeaning taunts, and being beaten while handcuffed, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; and (d) the cost of emotional and psychological therapy.

71.     The foregoing acts and omissions of Defendants Villanueva and Does 1 through 10 were committed with unbridled malice that was despicable and done with intentional disregard for Plaintiff's physical and mental person.  As a result, punitive damages should be awarded against Defendants Villanueva and Does 1 through 10.

## SEVENTH CAUSE OF ACTION

### Defendants Villanueva and Does 1 through 10

### Negligence

72.     Plaintiff hereby incorporates by reference paragraphs 1 through 26, inclusive, as though set forth fully herein.

73.     Defendants Villanueva and Does 1 through 10 each held positions of authority over Plaintiff that gave them real authority to affect Plaintiff's person.  As a consequence of this authority, Defendants Villanueva and Does 1 through 10 had a duty to use reasonable force only as necessary to obtain Plaintiff's compliance with lawful orders.

74.     Defendants Villanueva and Does 1 through 10 breached the foregoing duty by committing the knowing acts described in paragraphs 14-19.

75.     As the direct result of the breach of duty by Defendants Villanueva and Does 1 through 10, Plaintiff Conner suffered serious personal injury.

76.     As a direct and proximate result of the foregoing conduct of Defendants Villanueva and Does 1 through 10, Plaintiff Conner has sustained general damages of an estimated $500,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the injuries to his body; (b) the severe emotional and mental distress caused by the rough handling, demeaning taunts, and being beaten while handcuffed, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; and (d) the cost of emotional and psychological therapy.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EIGHTH CAUSE OF ACTION

## Defendants Villanueva and Does 1 through 10

### Interference With Plaintiff's Constitutional Rights
### Under California Civil Code 52.1(b)

77.     Plaintiff hereby incorporates by reference paragraphs 1 through 26, inclusive, as though set forth fully herein.

78.     Defendants Villanueva and Does 1 through 10 committed unprovoked and unwarranted acts of violence upon Plaintiff Conner as alleged in paragraphs 15-20. These acts were in violation of : (a) Plaintiff's substantive due process right to be free of punishment prior to adjudication of the charges for which Mr. Conner was to appear under the US Constitution; and (c) Plaintiff's rights under Article 1, Section 7 & 17 of the California Constitution.

79.     As a direct and proximate result of the foregoing conduct of Defendants Villanueva and Does 1 through 10, Plaintiff Conner has sustained general damages of an estimated $500,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the injuries to his body; (b) the severe emotional and mental distress caused by the rough handling, demeaning taunts, and being beaten while handcuffed, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; and (d) the cost of emotional and psychological therapy.

80.     Pursuant to California Civil Code §52(a) and §52.1(b), Plaintiff Conner is entitled to treble the amount of consequential damages that are proven.

81.     As the direct and proximate result of the foregoing conduct of Defendants Villanueva and Does 1 through 10, Plaintiff Conner is entitled to recover his costs and attorneys fees under Civil Code § 52(b) and § 52.1(h).

## NINTH CAUSE OF ACTION

### Defendants Villanueva, Ervin and Does 1 through 10

#### Interference With Plaintiff's Constitutional Rights
Under California Civil Code 52.1(b)

82.    Plaintiff hereby incorporates by reference paragraphs 1 through 26, inclusive, as though set forth fully herein.

83.    Defendants Villanueva, Ervin, and Does 11 through 20 committed the acts of harassment, mental abuse, and denial of Plaintiff's right to seek the redress of grievances committed against him as alleged in paragraphs 21-22.   These acts constituted threats, intimidation, and coercion in violation of : (a) Plaintiffs right to seek redress of his grievances under the US and California Constitutions; (b) Plaintiff's substantive due process right to be free of punishment prior to adjudication of the charges for which Mr. Conner was to appear under the US Constitution; and (c) Plaintiff's rights under Article 1, Section 7 & 17 of the California Constitution.

84.    As a direct and proximate result of the foregoing conduct of Defendants Villanueva, Ervin, and Does 11 through 20, Plaintiff Conner has sustained general damages of an estimated $100,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the injuries to his body; (b) the severe emotional and mental distress caused by the rough handling, demeaning taunts, and being beaten while handcuffed, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; and (d) the cost of emotional and psychological therapy.

85.    Pursuant to California Civil Code §52(a) and §52.1(b), Plaintiff Conner is entitled to treble the amount of consequential damages that are proven.

86.    As the direct and proximate result of the foregoing conduct of Defendants Villanueva, Ervin, and Does 11 through 20, Plaintiff Conner is entitled to recover

his costs and attorneys fees under Civil Code § 52(b) and § 52.1(h).

## TENTH CAUSE OF ACTION

### Defendants Placer County and the PCSO

#### Respondeat Superior Liability Under California Government Code §815.2(a) And/Or 815.6

87.    Plaintiff hereby incorporates by reference paragraphs 1 through 26, inclusive, as though set forth fully herein.

88.    Defendants Placer County and the PCSO as the employer of Defendants Villanueva, Ervin, and Does 1-40 has full authority to train, supervise, and direct all of the actions of each of these defendants.  Defendants Villanueva, Ervin, and Does 1 through 40 in their official capacity and in the performance of their duties as deputies and/or correctional officers, engaged in the acts and omissions alleged in the Fifth through Ninth causes of action.

89.    Under California Government Code §815.2(a), Placer County and the PCSO are liable for any injury that is proximately caused by the act or omission of an employee within the scope of the employee's duties, including all of the acts and omissions alleged in the Fifth through Ninth causes of action.

90.    As a direct and proximate result of the foregoing acts and omissions of Defendants Villanueva, Ervin, and Does 1 through 40, Plaintiff Conner has sustained general damages of an estimated $600,000, according to proof, including, but not limited to: (a) the serious physical pain and suffering from the injuries to his body; (b) the severe emotional and mental distress caused by the rough handling, demeaning taunts, and being beaten while handcuffed, including feelings of helplessness, anxiety, humiliation, and the loss of a sense of security, dignity, and pride; (c) the cost of medical treatment; and (d) the cost of emotional and psychological therapy.

1

## VII.
## PRAYER

**Wherefore**, Plaintiff prays for judgment against Defendants as follows:

1.      For general, consequential, and special damages in the sum set forth in each count according to proof;

2.      For punitive damages in a sum according to proof in Counts 1-2, 5-6;

3.      For reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988 in Counts 1-4;

4.      For reasonable attorney's fees and costs pursuant to California Civil Code §51 and §52 in Counts 8-9;

5.      For treble damages (3x consequential) in Counts 8-9;

6.      For cost of suit herein incurred for all counts; and

7.      For such other and further relief as the Court deems just and proper.

\\\

Dated: September 4, 2017                    Respectfully,


By:  /s/  Patrick H. Dwyer
Patrick H. Dwyer, SBN 137743
P.O. Box 1705; 17318 Piper Lane
Penn Valley, CA  95946
Tel: (530) 432-5407
Fax: (530) 432-9122
pdwyer@pdwyerlaw.com