PLACER COUNTY COUNSEL'S OFFICE
Brett D. Holt (SBN: 133525)
bholt@placer.ca.gov
Julia M. Reeves (SBN: 241198)
jreeves@placer.ca.gov
175 Fulweiler Avenue
Auburn, CA 95603
Telephone: (530) 889-4044
Facsimile:  (530) 889-4069

Blake P. Loebs (SBN: 145790)
bloebs@meyersnave.com
David Mehretu (SBN: 269398)
dmehretu@meyersnave.com
Robert S. Moutrie (SBN: 295250)
rmoutrie@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile:  (510) 444-1108

Attorneys for Defendants
PLACER COUNTY; PLACER COUNTY SHERIFF'S OFFICE (which is not an entity subject to suit); DEVON BELL; FRANK DOMEIER; and GLENN McNAMA (erroneously sued herein as DEPUTY McNAMARA); WILLIAM ERVIN; JEREMY BURCH, DAN CUNNINGHAM, AUBREY HARRIS, MATTHEW SPENCER, MACKENZIE MILLER, R. SCOTT OWENS, BENJAMIN EGGERT and JENNIFER MISZKEWYCZ

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| CHRISTOPHER LANGLEY,<br><br>          Plaintiff,<br><br>     v.<br><br>FRANK DOMEIER, et al.,<br><br>          Defendants. | Case No. 2:17-cv-0760-GEB-KJN<br><br>**DEFENDANT PLACER COUNTY'S OPPOSITION TO PLAINTIFF DEREK CONNER'S MOTION FOR ATTORNEY'S FEES**<br><br>Judge:   Hon. Kendall J. Newman<br>Date:    January 11, 2018<br>Time:    10:00 a.m.<br>Crtrm.:  25, 8th Floor |
| DEREK CONNER,<br><br>          Plaintiff,<br><br>     v.<br><br>PLACER COUNTY, et al.,<br><br>          Defendants. | Case No. 2:17-cv-1830-GEB-KJN |

1

2  CHRISTOPHER M. KERSHNER,                    Case No. 2:17-cv-2312-GEB-KJN

3              Plaintiff,

4       v.

5  PLACER COUNTY, et al.,

6              Defendants.

7  BRANDON COLEMAN,                            Case No. 2:17-cv-1579-GEB-KJN

8              Plaintiff,

9       v.

10

11 PLACER COUNTY, et al.,

12             Defendants.

13 BEAU BANGERT,                               Case No. 2:17-cv-1667-GEB-KJN

14             Plaintiff,

15      v.

16 PLACER COUNTY, et al.,

17             Defendants.

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT PLACER COUNTY'S OPPOSITION TO PLAINTIFF DEREK CONNER'S MOTION FOR
ATTORNEY'S FEES

## I.   <u>INTRODUCTION</u>

Defendant Placer County ("the County" or "Defendant") opposes Plaintiff Derek Conner's ("Plaintiff") Motion for Attorney's Fees ("Motion for Fees" or "Motion") because Plaintiff inappropriately seeks fees for 24.7 hours of time that was expressly waived under the terms of the Rule 68 Offer and requests an unjustified 1.5x modifier.  Accordingly, Plaintiff's fees should be reduced from the requested amount of $26,415.00 to $11,430.00.

## II.   <u>STATEMENT OF FACTS</u>

This case is one of several civil rights actions filed by Plaintiff's counsel, Mr. Dwyer and others, including a class action filed by Mark Merin, against Placer County related to claims of excessive force at the Auburn Jail.[1]  (Declaration of Robert S. Moutrie, ¶8 ("Moutrie Decl.".)

Defendants served a FRCP 68 Offer of Settlement to Plaintiff on October 30, 2017 (Moutrie Decl., ¶2, Ex. 1, "Offer") immediately after filing an answer and prior to serving or receiving any discovery.  (Moutrie Decl., ¶2.)  The terms of the Offer provided that Plaintiff would recover $100,000.01, and that Plaintiff's counsel would recover "reasonable attorneys' fees and costs incurred by Plaintiff *up to the time when this Rule 68 Offer is served on Plaintiff* in an amount to be set by the Court in accordance with applicable law."  (emphasis added) (Offer, ¶¶1, 4.)  In addition, the Offer expressly excluded Plaintiff's attorney from recovering fees[2] for litigating appropriate fees (often called "fees on fees"), by providing that "[a]ny costs or attorney's fees incurred . . . related to litigating reasonable attorney's fees . . . is not included in any part of this offer."  (Offer, ¶4.)

Plaintiff accepted the Offer on November 11, 2017.  (ECF No. 18-2, ¶5, Ex. 1; Moutrie Decl., ¶¶3-4, Ex. 2-3.)  Subsequently, Plaintiff requested $26,415.00 for attorney's fees.  In support of his request, Plaintiff submitted an accounting to Defendants, which identified 38.1

---

[1] *See* related cases *Bangert v. Placer County* (2:17-cv-1667-GEB-KJN), *Langley v. Placer County* (2:17-cv-0760-GEB-KJN), *Coleman v. Placer County* (2:17-cv-1579-GEB-KJN), *Kershner v. Placer County* (2:17-cv-2312-GEB-KJN).

[2]   These waived fees would, of course, be in addition to any percentage of Plaintiff's recovery to which Plaintiff's counsel would be entitled pursuant to his agreement with his client.

DEFENDANT PLACER COUNTY'S OPPOSITION TO PLAINTIFF DEREK CONNER'S MOTION FOR ATTORNEY'S FEES

1    hours up to and including October 30, 2017, when the Offer was served.   (ECF No. 18-2, Ex. 3,

2    pp. 13-17; Ex. 9, pp. 33-37 ("Time Records").)  His Time Records indicate that he worked 24.7

3    hours after the Offer was served, including 12 hours related to litigating the fees recoverable on

4    this matter.[3]

5         In conferring in advance of this motion, Defendants' counsel, Blake Loebs, advised

6    Plaintiff's counsel Mr. Dwyer ("Plaintiff's counsel") that all post-Offer time - including fees on

7    fees - was expressly excluded under the terms of the Offer.  (Moutrie Decl., ¶5, Ex. 4.)   Instead of

8    providing alternate or corrected billing records excluding post-Offer hours, Plaintiff's counsel

9    filed this motion, in which he inexplicably includes 24.7 hours of post-Offer work, 12 of which

10   was related to this motion – all time that was specifically excluded by the terms of the Offer.

11                              III.    DISCUSSION

12        Both components of the lodestar calculation, the hourly rate and the hours submitted, are

13   subject to review for reasonableness by the Court.  *See* generally *Chalmers v. City of Los Angeles*,

14   796 F.2d 1205, 1210 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir.

15   1987).  This total can then be adjusted, upward (or downward) based on the factors enumerated in

16   *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), to the extent that each factor is

17   not already subsumed in the lodestar calculus.  *Morales v. City of San Rafael*, 96 F.3d 359, 364

18   (9th Cir. 1996), *opinion amended on denial of reh'g,* 108 F.3d 981 (9th Cir. 1997).  Upward

19   adjustment of the lodestar calculation is only appropriate in extraordinary cases.  *See Chalmers*,

20   796 F.2d at 1215 (finding a lodestar multiplier inappropriate, despite Plaintiff's success at trial,

21   because litigation "was neither extraordinary nor exceptional.")

22        **A.    Plaintiff Cannot Claim Fees That Were Expressly Waived By Provisions Of
              The Rule 68 Offer.**

24        Plaintiff's Motion for Fees correctly notes that the prevailing party can recover attorney's

_____

26   [3] Part of Plaintiff's counsel's Time Records incorrectly totaled.  He totals his time spent on this
27   Motion for Fees to 10.3 hours.  In truth, the Time Records reflect 11 hours of time on the Motion
     for Fees (3.6 + .1 + .1 + 1.7 + 5.5 = 11 hours).

28

DEFENDANT PLACER COUNTY'S OPPOSITION TO PLAINTIFF DEREK CONNER'S MOTION FOR
ATTORNEY'S FEES

fees under § 1988 and the California Bane Act, but fails to note that such an award can be *waived by the express agreement of the parties.  See Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995) (post-offer fees were not recoverable under a Rule 68 Offer in a § 1983 case that unambiguously limited fees to those incurred prior to Offer.)  Here, the Offer, which Plaintiff accepted, expressly waived post-offer attorney's fees and fees related to litigating fees.  (Offer, ¶4.)  Inexplicably, Plaintiff's Motion seeks fees for 24.7 hours that were expressly waived by the offer he and his counsel accepted.  Plaintiff's Motion provides no argument or authority that even suggests that these provisions should be ignored.

### 1. The Offer, Which Plaintiff Accepted, Expressly Waived All Attorney's Fees Accruing After The Offer Was Served on October 30, 2017.

The Ninth Circuit has explicitly held that hours spent after an accepted Rule 68 Offer, including time litigating fees, can be waived if the Plaintiff accepts a settlement offer explicitly providing for their waiver.  *See Guerrero*, at 1113.  In *Guerrero*, the Ninth Circuit considered a similar Rule 68 Offer (also in a civil rights action) which provided only for recovery of fees "incurred by plaintiff prior to the date of this offer," and considered whether such language constituted a waiver of attorney's fees related to subsequently contesting the fee award.  *Id.*  The Ninth Circuit upheld the District Court's finding that by accepting the offer, the Plaintiff had waived all post-offer attorney's fees, including fees related to litigating the fee amount.  *Id.* (emphasis in original).  Eastern District courts have similarly held that fees are not recoverable when waived via acceptance of an explicit Rule 68 Offer.  *See* also *Rafanan v. Focus Receivables Mgmt., LLC*, No. 09-CV-02715-JAM-KJM, 2010 WL 2923284, at *1 (E.D. Cal. July 26, 2010).

Here, as in *Guerrero*, the Offer limited attorney's fees to those accrued prior to the service of the Offer – which occurred on October 30, 2017.[4]  And here, as in *Guerrero*, the Plaintiff accepted that Offer, but now seeks post-offer attorney's fees regardless.  Just as in *Guerrero*, Plaintiff's counsel is only entitled to recover his attorney's fees up to and including the date the

---

[4] The Offer provided explicitly that attorney's fees "incurred by Plaintiff up to the time when this Rule 68 Offer is "served" were included in the Offer.

DEFENDANT PLACER COUNTY'S OPPOSITION TO PLAINTIFF DEREK CONNER'S MOTION FOR ATTORNEY'S FEES

1  Offer was served, which is October 30, 2017.[5]  Based on the Time Records, Plaintiff's counsel

2  spent 38.1 hours up to and including October 30, 2017, working on this matter.  (*See* Time

3  Records.)  Therefore, Plaintiff can only recover fees based on those hours.

4  **2.  The Offer, Which Plaintiff Accepted, Also Expressly Waived Attorney's Fees Related To Litigating Reasonable Attorney's Fees.**

5

6  Paragraph 4 of Defendants' Rule 68 Offer, which was accepted by Plaintiff, provides:

7  "Any costs or attorney's fees incurred by Plaintiff related to litigating reasonable attorney's fees

8  and/or costs is not included in any part of this offer."  (Offer, ¶4, Ex. 1; Moutrie Decl., ¶¶3-4, Exs.

9  2-3.)  The Ninth Circuit has explicitly upheld such express waivers of fees on fees in Rule 68

10  motions.  *See Guerrero v. Cummings*, 70 F.3d at 1113 (upholding district court's decision to not

11  award fees on fees, noting that "a settlement offer may be conditioned upon the waiver of such

12  fees").  Tellingly, Plaintiff's Motion for Fees fails to even mention the language of the Offer, much

13  less provide any legal basis to ignore this express waiver, because none exists.  At best, Plaintiff

14  appears to argue that fees on fees are always recoverable, despite the language of the offer.

15  (Motion for Fees, p. 7.)  But, the case upon which Plaintiff relies, *Camacho v. Bridgeport Fin.,*

16  *Inc.,* 523 F.3d 973, 980 (9th Cir. 2008), held no such thing.  Contrary to Plaintiff's suggestion,

17  *Camacho* did not involve a Rule 68 Offer which contained a waiver of post-offer fees, or a waiver

18  of any sort, and is therefore irrelevant to the issues here.  *Id.* at 980.  Thus, in addition to waiving

19  all post-Offer time, the Offer separately and explicitly waived the 12 hours[6] that Plaintiff claims

20  related to preparing the Motion.

21  **B.  Defendant Does Not (For Purposes Of This Motion Only), Argue that Plaintiff's Requested Rate of $300 Per Hour is Excessive, But Notes This is a 15% Increase Over What He Requested Just Last Year.**

22

23  Though Defendants are not contesting Mr. Dwyer's requested rate of $300 per hour (for

24  _____

25  [5] Notably, Plaintiff's counsel does not dispute the date of the Offer, or the terms of the Offer, and confirms the date it was served and its contents in his Declaration.  (ECF No. 18-2.)

26  [6] As noted above, Plaintiff's counsel incorrectly totaled his time spent in his Time Records.  He

27  actually spent 1.7 hours on meeting and conferring regarding fees, and 11 hours drafting this motion (not 10.3), so Plaintiff should have requested 12.7 hours.

28

DEFENDANT PLACER COUNTY'S OPPOSITION TO PLAINTIFF DEREK CONNER'S MOTION FOR ATTORNEY'S FEES

1    the purpose of this Motion only), it should be noted that this is a dramatic increase over what Mr.

2    Dwyer was requesting just last year for litigating civil rights cases.  In 2016, Mr. Dwyer's rate was

3    $250 per hour, per his own federal filings.  (Moutrie Decl., ¶ 6, Ex. 5.)  Therefore, if the Court

4    approves this rate, this is more than a 15% increase of his rate as of last year.   This, in itself,

5    argues against any need for a multiplier.

6           C.      **Plaintiff's Counsel Fails to Justify His Request For a 1.5 Multiplier Because
                    He Fails to Provide Authority to Overcome The Presumption That No
7                   Multiplier is Appropriate and Incorrectly Relies on *Kerr* Factors Which Are
                    Subsumed in The Lodestar Calculation.**
8

9           Generally, when calculating attorney's fees via the lodestar method, no modifier is

10   appropriate.  *See Morales v. City of San Rafael*, 96 F.3d at 364 ("There is a strong presumption

11   that the lodestar figure represents a reasonable fee.")  However, a Court may "assess whether it is

12   necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors

13   that are not already subsumed in the initial lodestar calculation."  *See Morales v. City of San*

14   *Rafael*, 96 F.3d at 363–64.  The *Kerr* factors which are subsumed in the initial lodestar calculation

15   (hours times rate) include: (1) the novelty and complexity of the issues, (2) the special skill and

16   experience of counsel, (3) the quality of representation, (4) the results obtained, and (5) the

17   contingent nature of the fee agreement.  *Morales v. City of San Rafael*, 96 F.3d at 364, n. 9;

18   *Merritt v. Mackey*, 932 F.2d 1317, 1324 (9th Cir. 1991) ("The time involved is clearly subsumed

19   in the lodestar figure, and the difficulty of the case is similarly inappropriate as a ground of

20   enhancement.")  Considering subsumed *Kerr* factors to justify a multiplier has been held to be an

21   abuse of discretion.  *See generally Cunningham v. Cty. of Los Angeles,* 879 F.2d 481, 487 (9th Cir.

22   1988) ("Insofar as the district court relied on these [subsumed] factors to [modify the lodestar

23   calculation], it abused its discretion.")

24          The *Kerr* factors which are not subsumed – and should only rarely justify a multiplier –

25   include:  "(4) the preclusion of other employment by the attorney due to acceptance of the case,

26   (5) the customary fee, . . .(7) time limitations imposed by the client or the circumstances, . . . (10)

27   the 'undesirability' of the case, (11) the nature and length of the professional relationship with the

28   client, and (12) awards in similar cases."  *Kerr,* 526 F.2d at 70.  A court need not consider every

DEFENDANT PLACER COUNTY'S OPPOSITION TO PLAINTIFF DEREK CONNER'S MOTION FOR
ATTORNEY'S FEES

1 *Kerr* factor in every case.  *See Masalosalo by Masalosalo v. Stonewall Ins. Co.,* 718 F.2d 955, 957

2 (9th Cir. 1983) (noting that court need only consider "those factors relevant to the award.").

**1.      Plaintiff Incorrectly Seeks A Modifier Based On *Kerr* Factors That Are Already Subsumed in the Lodestar Calculation.**

5        Here, Plaintiff's counsel seeks an upward multiplier of 1.5 for 50.7 hours[7] of work based

6 on *Kerr* factors that are explicitly subsumed in the initial loadstar calculation – namely : (1) this

7 action was novel and difficult, (2) the matter involved a contingency fee, and (4) the results

8 obtained.  (Motion, pp. 4-7.)  Because these factors were subsumed in the initial calculation of the

9 lodestar amount, they should not be considered as grounds for a multiplier.  *See Morales v. City of*

10 *San Rafael*, 96 F.3d at 364, n. 9.  Bizarrely, Plaintiff's Motion acknowledges that these factors are

11 subsumed in the lodestar calculation, yet nevertheless attempts to use them to justify a multiplier.[8]

12 (Motion, p. 3.)

**2.      Even if The Subsumed *Kerr* Factors Listed by Plaintiff Were Not Already Subsumed in The Lodestar Calculation, They Do Not Merit a Multiplier in This Case.**

15        The first subsumed *Kerr* factor which Plaintiff's Motion incorrectly cites as a basis for a

16 multiplier is the difficulty of this case.  However, Plaintiff is wrong- this case was not "novel or

17 exceptionally difficult."  (Motion, p. 5.)  Plaintiff's counsel provides no authority in support of

18 why a case involving less than 40 hours of work prior to a settlement offer was exceptionally

19 difficult.[9]  (Motion, p. 5.)  To the contrary – this is a run-of-the-mill case regarding excessive

20 force in a jail setting – a well-litigated area of law.

---

[7] Plaintiff's Motion excludes time spent contesting attorney's fees (1.7 hours conferring and 10.3 hours on Plaintiff's Motion) from this multiplier.

[8] Plaintiff's counsel's Motion acknowledges that many of its alleged grounds for a multiplier are subsumed: "In determining the reasonable hourly rate, the court accounts for various factors, including: (1) *the novelty and complexity of the issues*; . . . (4) *the results obtained*; and (5) *the contingent nature of the fee agreement*. . . . In the second step, the court evaluates whether it is appropriate to adjust the lodestar amount up or down by the *Kerr* factors *not already taken into account* . . .")

[9] Plaintiff's counsel's argument regarding the limited time to file his Complaint is addressed below, as time constraint is a separate *Kerr* from difficulty.

DEFENDANT PLACER COUNTY'S OPPOSITION TO PLAINTIFF DEREK CONNER'S MOTION FOR ATTORNEY'S FEES

The second subsumed *Kerr* factor, which Plaintiff's Motion incorrectly cites as a basis for a multiplier, is the use of a contingency fee.  (Motion, p. 6.)  Plaintiff's Motion urges the Court to see his contingency agreement as representing a risk that he "bore full risk and responsibility of not earning any fee."  (Motion, p. 6.)  However, even ignoring the fact that such risk is subsumed in the lodestar calculation, Plaintiff's counsel bore minimal, if any, risk in this matter.  Months before Plaintiff's counsel was involved, the County announced, via a press conference, that it was referring three employees for criminal prosecution related to their inappropriate treatment of inmates at the Auburn Jail.  (ECF No. 1, ¶25, Ex. 3.)  One of those correctional officers (Deputy Villanueva) is the primary individual allegedly involved in this litigation.  (ECF No. 1, ¶25, Ex. 3; ECF No. 1, ¶7.)  With this public statement, the risk to any counsel considering representing inmates alleging excessive force at the Auburn Jail was greatly diminished.  *See generally Merritt v. Mackey*, 932 F.2d 1317, 1324 (9th Cir. 1991) (noting that contingency multipliers are generally subsumed in the lodestar calculus, and that multipliers for risk are only appropriate if Plaintiff demonstrates that such enhancement is "necessary to attract competent counsel in the relevant community.")  Here, Plaintiff has not alleged any difficulty attracting competent counsel.  In fact, multiple lawsuits have been filed against Defendant Placer County by different attorneys, as noted above, suggesting exactly the opposite – that attorneys are eager to pursue these actions.  (Moutrie Decl., ¶ 8.)  Because Plaintiff's contingency agreement is already subsumed and Plaintiff provides no evidence that a modifier is necessary to secure counsel in this matter, this factor weighs against the requested upwards multiplier.

The third subsumed factor that Plaintiff inappropriately relied on to support a multiplier is that the results were excellent and compelled a public benefit.  (Motion, p. 7.)  To the contrary, though Plaintiff  was able to recover $100,000.01 in this matter, success alone does not merit a multiplier and Plaintiff's counsel provides no explanation as to why this resolution is so exceptional as to justify a one and one-half multiplier.  *See Chalmers*, 796 F.2d at 1215 (finding a lodestar multiplier inappropriate, despite Plaintiff's success at trial, because litigation "was neither extraordinary nor exceptional.")  Nor did this matter result in a public benefit, as Plaintiff's Motion suggests by citing to *Wilcox v. City of Reno*, 42 F.3d 550, 556-557 (9th Cir. 1994) to

DEFENDANT PLACER COUNTY'S OPPOSITION TO PLAINTIFF DEREK CONNER'S MOTION FOR ATTORNEY'S FEES

justify a multiplier related to public benefit.  *Wilcox* is distinguishable on a number of grounds.
Most importantly, *Wilcox* does not analyze the appropriate multiplier in cases involving a public
benefit as part of the lodestar calculus – it merely supports the appropriateness of attorney's fees
generally in civil rights actions, which County does not contest.  In addition, *Wilcox* is factually
distinguishable - the court in *Wilcox* upheld an award of attorney's fees for the plaintiff because
the litigation led to discipline for the involved officers and policy changes.  *Id.*  That is not the
case here; Placer County publicly pursued criminal prosecution of the offending officers *well
before* this case was filed.  (ECF No. 1, ¶25, Ex. 3.)  Furthermore, this action did not compel
policy changes at the County – such changes, if any, will be determined in the related class action,
*Bangert*.  (Moutrie Decl., ¶ 8.)  As such, Plaintiff's counsel has failed to provide any authority
supporting why the result of this case, even if it were not subsumed in the lodestar analysis, should
overcome the presumption against a 1.5 multiplier.

### 3. The Un-Subsumed *Kerr* Factors Do Not Support Plaintiff's Request For a 1.5 Multiplier.

This is not one of the exceptional cases where the un-subsumed *Kerr* factors can overcome
the presumption that the lodestar calculation is valid.  Here, excluding the subsumed *Kerr* factors
discussed above, Plaintiff's Motion asserts only two grounds for a multiplier: the time limitations
of this action and the undesirability of this action.  (Motion, pp. 5-6.)

### (a) Plaintiff Failed to Show This Action Was Unpopular.

Although Plaintiff alleges that this was an "undesirable" case, and therefore merits a
multiplier under *Kerr*, he fails to provide any argument or citation to support his contention.
(Motion, p. 6.)  For "undesirability" to justify a multiplier, Plaintiff must demonstrate that this
type of action is unpopular enough to "have an adverse effect on the law firm's . . . business by
soiling its reputation" and thereby be unlikely to attract competent counsel.  *See Planned
Parenthood of Cent. & N. Arizona v. State of Ariz.*, 789 F.2d 1348, 1354 (9th Cir.), *aff'd sub nom.
Babbitt v. Planned Parenthood of Cent. & N. Arizona*, 479 U.S. 925, 107 S. Ct. 391, 93 L. Ed. 2d
346 (1986).  General unpopularity among some groups does not merit a multiplier where it may be
a mixed blessing and provide renown and recognition among other potential clients.  *See Pac. W.*

DEFENDANT PLACER COUNTY'S OPPOSITION TO PLAINTIFF DEREK CONNER'S MOTION FOR
ATTORNEY'S FEES

1   *Cable Co. v. City of Sacramento*, Cal., 693 F. Supp. 865, 872 (E.D. Cal. 1988) (denying multiplier

2   and calling asserted "unpopularity" a "mixed blessing" because it may bring clients.)  Here,

3   Plaintiff's counsel has failed to demonstrate any unpopularity, much less substantial unpopularity

4   or any negative effects on his business.[10]  Thus, this Kerr factor does not justify a  multiplier.

**(b)**    **The Timing of This Case Was Not So Exceptional As to Justify A 1.5 Multiplier.**

7        As a second non-subsumed Kerr factor, Plaintiff also asserts that he labored under a

8   "serious time constraint" and therefore deserves a 1.5 multiplier in this matter.  (Motion, p. 5.)

9   Plaintiff's counsel's own Time Records, however, suggest the opposite.  According to his records,

10  had approximately two months from when he was first made aware of this claim to the date which

11  he filed his Complaint.[11]  (*See* Time Records.)  Even based on the allegations of Plaintiff's

12  Motion, Plaintiff's counsel had six days between when he allegedly received the medical records

13  and when Plaintiff's Complaint was filed.[12]  (*See* Time Records.)  In those six days, Mr. Dwyer

14  spent less than seven hours on this case.  Seven hours in six days is not an exceptional burden and

15  does not merit a multiplier in this case.

**(c)**    **Two Kerr factors not mentioned by Plaintiff suggest that no multiplier is appropriate.**

18        Two un-subsumed *Kerr* factors (ignored by Plaintiff) direct the court to consider "the

19  preclusion of other employment by the attorney due to acceptance of the case" and "the nature and

20  length of the relationship with the client."  *Kerr,* 526 F.2d at 70.  Here, Plaintiff's counsel spent

21  less than 40 hours on this case (pre-settlement) over the course of approximately three-and-one-

22  half months, and was without a doubt able to pursue multiple other cases at the same time – in

---

[10] In fact, to the contrary, Plaintiff's counsel is receiving at least $30,000.00 of the settlement (presuming a one-third contingency of the total $100,000.01 award) as his contingency, despite putting in less than 40 hours of work on this case.

[11] From approximately 7.10.17 until 9.5.17.

[12] From 8.30.17 until 9.5.17.

DEFENDANT PLACER COUNTY'S OPPOSITION TO PLAINTIFF DEREK CONNER'S MOTION FOR ATTORNEY'S FEES

1   fact, he has worked on / filed three other cases just against the Placer County during this same

2   time-frame, all of which have been related with this action.  Plaintiff's Motion did not even

3   suggest that this case prevented him from taking other work.  *In contrast, see* e.g.*, Rodriguez v.*

4   *County of Los Angeles*, 96 F.Supp.3d 1012, 1025-1026 (C.D. Cal. Dec. 2014) (upward modifier

5   found appropriate where plaintiff had litigated civil rights actions for years, overcome

6   considerable obstacles, conducted trial, and expended $3.4 million in services, and was prevented

7   from taking other work while doing so); (Moutrie Decl., ¶ 8).  Thus, these factors (neither of

8   which were mentioned by Plaintiff) cut strongly against a multiplier.

9                                          **IV.    <u>CONCLUSION</u>**

10              Plaintiff should be awarded his hourly rate for the time he billed that is consistent with the

11   offer he accepted – 38.1 hours.   And Plaintiff's counsel is not entitled to a multiplier.  As a result,

12   his fee award should be $300.00/hr. x 38.1 hours = $ 11,430.00 in fees, and not the $26,415.00 he

13   has inappropriately requested.   In addition, he is receiving over a $30,000 cut from his client's

14   settlement, which is pretty good for one week's work.

15   DATED:  December 28, 2017                     Respectfully submitted,

16                                                 MEYERS, NAVE, RIBACK, SILVER & WILSON

17

18                                          By:    _____/s/ Blake S. Loebs_____

19                                                 Blake P. Loebs
                                                   Attorneys for Defendant PLACER COUNTY

20   2901380.7

21

22

23

24

25

26

27

28

DEFENDANT PLACER COUNTY'S OPPOSITION TO PLAINTIFF DEREK CONNER'S MOTION FOR
ATTORNEY'S FEES