UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK CONNER,<br><br>    Plaintiff,<br><br>    v.<br><br>PLACER COUNTY, et al.,<br><br>    Defendants. | No. 2: 17-cv-1830 GEB KJN P<br><br>ORDER |

I. Introduction

    Plaintiff is proceeding, through counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On January 11, 2018, a hearing was held regarding plaintiff's motion for attorneys' fees, filed December 18, 2017. (ECF No. 18.) Patrick Dwyer appeared on behalf of plaintiff. Blake Loebs and Julia Reeves appeared on behalf of defendants.

    For the reasons stated herein and discussed at the January 11, 2018 hearing, plaintiff's motion is denied.

II. Legal Background

    Title 42 U.S.C. § 1988 provides that a court may, "in its discretion," award a "reasonable attorney's fee" to a "prevailing party" in a suit brought under various statutes, including 42 U.S.C. § 1983. Plaintiff's action in this case is brought pursuant to 42 U.S.C. § 1983. To determine the amount of a reasonable fee under § 1988, district courts generally perform a

1

two-step analysis.  See Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013).
First, courts use the "lodestar method to determine what constitutes a reasonable attorneys' fee."
Gonzales, 729 at 1202.  The lodestar represents the number of hours reasonably expended
multiplied by a reasonable hourly rate.  Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4
(9th Cir. 2001) (citations omitted).  The product of this computation, the "lodestar" amount,
yields a presumptively reasonable fee.  Gonzalez, 729 F.3d  at 1202.

Second, the court may adjust the lodestar based on the twelve Kerr[1] factors.  Gonzalez, 729 F.3d at 1209 and n.11.

The Kerr factors include:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  See Kerr, 526 F.2d at 70.

If the court has taken into account any of the Kerr factors when calculating the lodestar at step one, then the court should not again adjust the lodestar at step two based on the same factors. Gonzales, 729 F.3d at 1209 n.11.  Indeed, it is *presumed* that the court accounts for certain Kerr factors in its lodestar calculation at step one:  specifically, "1) the novelty and complexity of the issues; 2) the special skill and experience of counsel, 3) the quality of representation, 4) the results obtained, and 5) the contingent nature of the fee agreement." Id., quoting Morales, 96 F.3d at 363.

Only in "rare and exceptional cases" should a court adjust the lodestar figure.  Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted).  See also Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 n. 4 (9th Cir. 2000) (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

---

[1] Kerr v. Screen Guild Extras, Inc., 526 F.2d 67 (9th Cir. 1975).

III. Discussion

In the complaint filed September 4, 2017, plaintiff alleges that he was subject to excessive force while housed at the Placer County Jail. (ECF No. 1.) On December 6, 2017, the instant action was related to four other cases alleging excessive force at the Placer County Jail. (ECF No. 17.) Plaintiff's counsel in the instant action is plaintiff's counsel in three of the other related cases.

In the instant action, on October 30, 2017, defendants served plaintiff with an offer of judgment pursuant to Federal Rule of Civil Procedure 68. (ECF No. 19-1 at 10.) Plaintiff and his counsel signed the offer on November 11, 2017. (Id. at 14-15.) On November 17, 2017, the parties filed a notice of settlement of all claims. (ECF No. 15.)

Regarding attorneys' fees, the settlement states,

> 1. Judgment shall be entered in favor of Plaintiff Derek Conner ("Plaintiff") and against Defendant Placer County in the sum of $100,000.01 (one hundred thousand dollars and one cent), plus reasonable attorneys' fees and costs incurred by Plaintiff up to the time when this Rule 68 offer is served on Plaintiff in an amount to be set by the Court in accordance with applicable law.

(ECF No. 19-1 at 7.)

The settlement also states, "Any costs or attorneys' fee incurred by Plaintiff related to litigating reasonable attorneys' fees and/or costs is not included in any part of this offer." (Id. at 7.)

In the pending motion, plaintiff requests attorneys' fees of $22,815 based on an hourly rate of $300 x 50.7 hours, for a total of $15,210, with a multiplier of 1.5, based on an adjustment pursuant to the Kerr factors, for a total of $22,815.

In opposition, defendants argue that plaintiff is seeking fees for hours worked after the settlement offer was served, in violation of the terms of the offer. Defendants also argue that plaintiff is not entitled to an adjustment pursuant to the Kerr factors.

A. Calculation of Lodestar

The parties do not dispute counsel's hourly rate of $300. As discussed above, the parties dispute the hours for which plaintiff's counsel seeks reimbursement.

3

Pursuant to the terms of the offer, defendants argue that plaintiff's counsel is entitled to be paid for the 38.1 hours he worked up to and including October 30, 2017, i.e., when the offer was served. Defendants argue that counsel is entitled to a fee award of 38.1 hours x $300/hr. for a total of $11,430 in fees.

A Rule 68 offer allows a defendant to serve upon a plaintiff a "judgment on specified terms, with the costs then accrued." Fed.R.Civ.P. 68(a). Regarding Rule 68 agreements, the Ninth Circuit recently stated, "[w]e have repeatedly emphasized that Rule 68 offers of judgment are 'analyzed in the same manner as any contract.'" Miller v. City of Portland, 868 F.3d 846, 851 (9th Cir. 2017), quoting Erdman v. Cochise Cty., 926 F.2d 877, 880 (9th Cir. 1991). "Plaintiffs are 'entitled to rely on the plain language of the offer [they] accepted,'" Miller, at 851 (quoting Erdman at 897), and "any ambiguities are construed against the drafter." Miller at 851.

The parties agree that the pending motion is governed by Guerrero v. Cummings, 70 F.3d 1111, 1113 (9th Cir. 1995).

In Guerrero, the Rule 68 offer allowed judgment against the defendants and in favor of the plaintiff for $1,500 "plus reasonable attorney fees and costs incurred by this plaintiff prior to the date of this offer in an amount to be set by the court." Id. at 1112–13. The plaintiffs in that case sought reimbursement for money spent seeking attorneys' fees after the offer, i.e., fees on fees. The Ninth Circuit held that the "plain language" of the offer limited attorney's fees to those accrued prior to the date of the offers[.]" Id. Thus, although the civil rights plaintiff would have been entitled to attorney's fees and costs accruing after the date of the offer under the applicable fee-shifting statute if he had prevailed in the litigation, the acceptance of the Rule 68 offer "clearly and unambiguously waived attorney's fees incurred" after the date of the offer. Id. at 1113.

Pursuant to Guerrero, plaintiff's counsel in the instant action is limited to the attorneys' fees he agreed to in the Rule 68 Settlement Agreement, i.e., fees incurred up to the time of the offer on October 30, 2017. Accordingly, plaintiff's request for fees incurred after October 30, 2017 is denied.

////

B. Lodestar Adjustment

Plaintiff's counsel asks for a 1.5 multiplier of the lodestar based on the following <u>Kerr</u> factors: 1) novelty, difficulty and time limitations; 2) contingent fee; 3) undesirability of the action; and 4) excellent result and public benefit. Defendants oppose the adjustment.

As indicated above, the novelty, difficulty and time limitation <u>Kerr</u> factor is presumed to be included in the lodestar calculation. Therefore, plaintiff may not seek an adjustment based on this factor. In any event, the undersigned does not find that this case was so novel or difficult, or involved significant time limitations, that would justify departing from the presumptively reasonable lodestar.

The Supreme Court has called into question the relevance of the contingent nature of the fee and the "desirability" of the case. <u>See</u> <u>Resurrection Bay Conserv. All v. City of Seward</u>, 640 F.3d 1087, 1095 n. 5 (9th Cir. 2011). For this reason, it would not be appropriate to adjust the lodestar based on these factors.

Were the undersigned to consider the contingent nature of the fee, the undersigned would find no adjustment of the lodestar to be warranted.[2] The undersigned agrees with defendants that plaintiff's counsel bore minimal risk when he took this case based on the publicity regarding the conditions at the jail.

Were the undersigned to consider desirability, he would not find that this action (alleging excessive force at the Placer County Jail) was so undesirable so as to warrant an upward adjustment.

With regard to the result and public benefit, "in ordinary cases, a plaintiff's 'degree of success' or the 'results obtained' should be adequately accounted for in the lodestar." <u>Cunningham v. County of Los Angeles</u>, 879 F.3d 481, 488 (9th Cir. 1988). "Only in rare or exceptional cases will an attorney's reasonable expenditure of time on a case not be commensurate with the fees to which he is entitled." <u>Id.</u> Adjustments of the lodestar based on "results obtained" must be supported by evidence in the record demonstrating why such a

---

[2] Plaintiff's counsel informed the court that the contingency fee in this case was 33% of the award.

deviation from the lodestar is appropriate." Id.

In the pending motion, plaintiff's counsel states that the results of his work were excellent as evidenced by 1) the substantial Rule 68 offer at the outset of the case; and 2) uncovering of the physical and emotional abuse of inmates as disclosed in the related cases and the impetus provided to discussions between counsel for plaintiffs and defendants concerning a stipulation to a class resolution for all cases. Plaintiff also argues that these actions will hopefully result in the implementation of permanent corrective measures.

As noted by defendants in the opposition, months before plaintiff's counsel was involved, the County announced via a press conference, that it was referring three employees for criminal prosecution related to their inappropriate treatment of inmates at the jail. Thus, the instant action did not uncover abuses at the jail. Defendants also observe that it is the related class action, Bangert v. Placer County, 17-cv-1667 GEB KJN P, in which plaintiffs are represented by Mark Merrin, which will compel any of the alleged changes suggested by plaintiff.

The undersigned finds that plaintiff has not shown that a deviation from the lodestar based on the result and public benefit is warranted. While plaintiff was successful for his client, this is not the rare or exceptional case warranting a lodestar deviation based on success and public benefit.

C. Conclusion

For the reasons discussed above, the undersigned finds that plaintiff is entitled to attorneys' fees of 38.1 hours x $300/hr. for a total of $11,430 in fees. Plaintiff's request for fees incurred after service of the agreement on October 30, 2017 is denied. Plaintiff's request for an adjustment of the lodestar pursuant to the Kerr factors discussed above is denied.

////
////
////
////
////
////

6

1     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for attorneys' fees (ECF No. 18) is denied insofar as it seeks fees beyond the amount provided for in the Rule 68 agreement; for the reasons discussed in this order, plaintiff's counsel is entitled to attorneys' fees of $11,430, plus costs in the amount of $400.00.

Dated: January 18, 2018

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Con1830.ord
kc